Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

■ We affirm the defendant's conviction on three counts for attempting to pass counterfeit money and possessing the same with intent to defraud in violation of 18 U.S.C. § 472. The evidence against him was overwhelming. We find no error in the court's rulings on the admission of evidence; and, in particular, in denying the motion, belatedly made.

at trial, to suppress the evidence taken from the defendant's person after his lawful arrest as he was leaving a liquor store where he had just attempted to pass a $100 counterfeit bill.

■ There is no substance to the claim of prejudice by reason of the government allegedly exhibiting to the jury a photograph of the defendant. In the first place, the record does not show that the photograph was visible to the jury. Moreover there is no reason to believe, as the appellant argues, that the photograph was one which would have been thought by anyone seeing it to be a "rogue's gallery" picture with an implication that the defendant had a criminal record.

Affirmed.

**S. M. GADDIS and Rudie Wilhelm, Appellants,**

v.

**GREAT NORTHERN RAILWAY COMPANY, Northern Pacific Railway Company, Spokane, Portland & Seattle Railway Company, Southern Pacific Company and Union Pacific Railroad Company, Appellees.**

**No. 16791.**

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1960.

we are satisfied that judgment must be affirmed.

Upon appeal, for the first time appellants have broadened the theory upon which they seek recovery to include malicious abuse of the process of Interstate Commerce Commission. Assuming without deciding that this contention is properly before this court, we find it to be without merit. As the District Court opinion points out, the railroads, as parties in interest, were privileged to appear before the commission for the purpose of attempting to thwart the further expansion of Consolidated. We find no substantial questions of malice presented by the fact that the railroads pursued their objections through a series of hearings and appeals. The commission itself, upon the railroads' final petition for review, denied Consolidated's motion to strike the petition as repetitious.

Affirmed.

---

Seitz, Easley & Whipple, Norman L. Easley, Portland, Or., for appellant.

Manley B. Strayer, Cleveland C. Cory, Hart, Rockwood, Davies, Biggs & Strayer, Oglesby H. Young, James H. Clarke, Koerner, Young, McCulloch & Dezendorf, Roy F. Shields, Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., for respective appellees.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

## PER CURIAM.

Appellants seek damages for malicious interference with their contractual rights. The contract involved provided for the merger of Hunt Transfer Company with Consolidated Freightways, a large motor carrier, and was subject to the necessary approval of state and federal regulatory agencies. The alleged malicious interference consisted in the protest by appellee railroads of the application made to the Interstate Commerce Commission for approval of the merger. Jurisdiction is conferred by diversity of citizenship. The present appeal is from summary judgment of the District Court in favor of the railroads.

For the reasons set forth in the opinion of the District Court, 187 F.Supp. 918,